MARY BOELTER v. HENRY KLOSSNER and Another.

November 22, 1898.

Nos. 11,252—(109).

**Exemption—Provisions for Support of Family—Wife Entitled to Exemption.**

> *Held*, that where the husband and wife were living together with their children on her farm, and were supporting the family by their joint labors in cultivating the farm and caring for the household, and neither had any other farm or grain except such as was raised thereon, the wife was entitled, under the terms of G. S. 1894, § 5459, subd. 7, to claim therefrom provisions necessary for the support of the family for one year as exempt from sale on execution against her.

Appeal by defendants from an order of the district court for Sibley county, Cadwell, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $105.67. Affirmed.

*Ed. H. Huebner*, for appellants.

*W. H. Leeman*, for respondent.

START, C. J.

This action was brought to recover from the defendants the value of certain wheat claimed by the plaintiff as exempt from sale on execution, but which was levied upon and carried away by the defendant Osberg as constable, at the instance of the defendant Klossner, by virtue of an execution issued on a judgment in his favor against the plaintiff. Verdict for the plaintiff, and the defendants appealed from an order denying their motion for a new trial.

The plaintiff claimed the wheat as exempt under the provisions of G. S. 1894, § 5459, subd. 7, which are to the effect that "the provisions for the debtor and his family necessary for one year's support, either provided or growing" shall not be liable to attachment or sale on any final process issued from any court in this state. The only question on this appeal is whether the wheat was so exempt. The defendants' contention is that she was not entitled to any exemption of provisions for the support of herself and family because she was a married woman, living at the time of the seizure

with her husband, whose legal duty it was to provide for his wife and family.

This exemption is not in favor of the head of the family, but in favor of the debtor, and is intended to protect the family, and must be liberally construed, so as to effectuate its humane purpose. Where husband and wife are living together, and both have provisions which may be appropriated for the support of the family, the wife is not entitled to the exemption, nor in a case where the husband alone is supporting the family, for in such case there would be no necessity to appropriate any provisions owned by her to the support of the family. But such is not this case. The undisputed evidence shows that the plaintiff's family, at the time of the levy, consisted of herself, husband and seven children, and that they were living as one family on her farm; that the husband had no farm or grain and that his occupation was performing the labor, with the assistance of a minor son, necessary to carry on the farm and raise the crops. The necessary inference from the evidence is that the husband and wife were supporting the family by their joint labors in cultivating her farm and caring for the household, and that neither of them had any other farm or wheat. Under the special facts of this case, we hold that either the wife or the husband had a legal right to claim, as exempt from the provisions so raised on her farm, an amount necessary for the support of the family for one year.

Order affirmed.